IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2017 OCT 24 PM 4: 10
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| THOMAS KIRK REYNOLDS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-17-CV-299-DB |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Thomas Kirk Reynolds, TDCJ Number 1536201, challenges a prison disciplinary proceeding through a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent Lorie Davis counters Reynolds fails to state a claim entitling him to relief.[1] After reviewing the record and for the reasons discussed below, the Court agrees with Davis. The Court will accordingly deny Reynolds's petition and decline to certify his issues for appeal.

## BACKGROUND AND PROCEDURAL HISTORY

Davis retains lawful custody of Reynolds pursuant to two judgments and sentences in the 409th Judicial District Court of El Paso County, Texas. Prison records establish Reynolds pleaded guilty to engaging in organized criminal activity in violation of Texas Penal Code § 71.02, and aggravated assault in violation of Texas Penal Code § 22.02.[2] They further show—although the offenses occurred in 2000 and 2001—the trial court assessed punishment at ten years'

---

[1] Resp't's Answer 5–8, ECF No. 10.

[2] *Id.*, Ex. A (Commitment Inquiry).

-1-

imprisonment for engaging in organized criminal activity and seventeen years' imprisonment for the aggravated assault on September 25, 2008. They also show—based on the mandatory supervision statute in effect at the time Reynolds committed the aggravated assault—he is not eligible for release to mandatory supervision.[3]

On April 10, 2017, Reynolds received notification of disciplinary case number 20170235774 charging him with spitting in the face of a correctional officer.[4] Reynolds declined the opportunity to make a statement or attend a disciplinary hearing.[5] On April 11, 2017, Reynolds's counsel substitute appeared at his hearing and entered a not guilty plea. After reviewing the charging officer's report, the disciplinary hearing officer found Reynolds guilty and assessed his punishment at the loss of 45 days of good time credit, 45 days of recreation privileges, and 45 days of commissary access.[6] Reynolds submitted a Step 1 grievance to appeal this disciplinary proceeding, initiating grievance number 2017122315, which prison officials denied.[7] Reynolds then submitted a Step 2 grievance, appealing the outcome of his Step 1 grievance, which prison officials again denied. The instant federal petition followed.

In his petition, Reynolds asserts four violations of his rights under the Due Process Clause

---

[3] *Id.* at 4–5 (citing Tex. Gov't Code § 508.149(a)(7)).

[4] *Id.*, Ex. B (TDCJ Disciplinary Report and Hearing Record); *see also* Disciplinary Hearing Record (Offense Report), ECF No. 11-2 ("I ... was assisting my Sgt. With a cell search[.] ... Offender [Reynolds] had illegal amount of property in cell according to policy[.] ... Offender Reynolds then spit saliva on my face landing on my right cheek and safety glasses.").

[5] Resp't's Answer, Ex. B.

[6] *Id.*

[7] *Id.* at 3–4; *see also* Disciplinary Grievance Record, ECF No. 11-1.

of the Fourteenth Amendment.[8]  First, he claims his counsel substitute failed to interview or call witnesses, or present documentary evidence.  Second, he suggests the hearing officer exhibited bias.  Third, he maintains the hearing officer excluded him from the hearing and his counsel substitute did not speak for him.  Finally, he asserts the complaining officer conspired and retaliated against him.  He asks the Court to grant him "the relief to which he may be entitled."[9]

## APPLICABLE LAW

An inmate's rights in prison disciplinary proceedings are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[10]  "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."[11]  Prisoners charged with institutional rules violations are only entitled to relief under the Due Process Clause when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.[12]  These protected liberty interests can emanate from either the Due Process Clause itself or from state law.[13]  But the range of constitutionally protected liberty interests is a "narrow" one.[14]  Only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify

---

[8] Pet'r's Pet. 6–7, ECF No. 1.

[9] *Id.* at 10.

[10] *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

[11] *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

[12] *Id.* at 483–84.

[13] *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

[14] *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995).

for constitutional protection under the Due Process Clause.[15]

In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[16] It follows that Texas prisoners cannot demonstrate constitutional violations without first establishing (1) they are eligible for early release on mandatory supervision, and (2) the disciplinary convictions at issue resulted in the loss of credit for good conduct.[17]

## ANALYSIS

In his petition, Reynolds claims he lost 45 days of good time credit, recreation privileges, and commissary access as the result of four violations of the Due Process Clause during his disciplinary proceedings in case number 20170235774.[18] As the Court noted above, Reynolds my obtain relief under the Due Process Clause only when the disciplinary action resulted in a sanction which infringes upon a constitutionally protected liberty interest.[19]

### A. Good-Time Credit

"[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior

---

[15] *Sandin*, 515 U.S. at 487; *see also Orellana*, 65 F.3d at 31–32.

[16] *Malchi v. Thaler*, 211 F.3d 953, 956–59 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *Teague v. Quarterman*, 482 F.3d 769, 774–77 (5th Cir. 2007) (discussing the mandatory supervision schemes in place both before and after September 1, 1996).

[17] *Malchi*, 211 F.3d at 956–59 (explaining that only those Texas inmates who were eligible for early release on mandatory supervision before September 1, 1996, have a protected liberty interest in their previously earned good-time credit).

[18] Pet'r's Pet. 6–7, ECF No. 1.

[19] *Sandin*, 515 U.S. at 483–84.

while in prison."[20] However, "[w]hen a state creates a right to good time credit ..., a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause ..."[21]

The Texas Government Code provides an inmate may accrue good conduct time credit.[22] However, an inmate may only apply the credit "to eligibility for parole or mandatory supervision as provided by [Government Code] Section 508.145 or 508.147 and does not otherwise affect an inmate's term."[23] Section 508.147 explains, "[e]xcept as provided by [Government Code] Section 508.149, a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."[24] Section 508.149 provides "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for ... a first degree felony or a second degree felony under Section 22.02, Penal Code ..."[25]

Reynolds is serving a sentence for an aggravated assault, in violation of Section 20.22, Penal Code.[26] He is not eligible for release to mandatory supervision.[27] Because the Texas

---

[20] *Wolff*, 418 U.S. at 557.

[21] *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

[22] Tex. Gov't Code Ann. § 498.003(b) (West).

[23] *Id.* § 498.003(b).

[24] *Id.* § 508.147(a).

[25] *Id.* § 508.149(a)(7).

[26] Resp't's Answer, Ex. A (Commitment Inquiry).

legislature specifically excluded inmates—including Reynolds—serving sentences for aggravated assault from eligibility for release to mandatory supervision, it necessarily follows that Reynolds has no liberty interest in his good time credits.[28] Consequently, because Reynolds's loss of good time credit does not affect the fact or duration of his sentence, his claim does not provide a basis for federal habeas corpus relief.[29]

### B. Recreation Privileges and Commissary Access

As a result of the disciplinary proceedings, Reynolds also lost 45 days of recreation privileges and commissary access. Such punishments do not pose an "atypical" or "significant hardship" beyond "the ordinary incidents of prison life."[30] Rather, they constitute a change in the conditions of Reynolds's confinement.[31] Because these sanctions do not implicate a protected

---

[27] Tex. Gov't Code Ann. § 508.149(a)(7).

[28] *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (citing *Board of Pardons v. Allen*, 482 U.S. 369, 378 n. 10 (1987) ("statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir.1995) ("It follows that because [the prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."). *See also Campos v. Johnson*, 958 F. Supp. 1180, 1189 (W.D. Tex. 1997) ("[n]o court has ever construed the Texas statutes relating to mandatory supervision as creating such a federally-protected right on behalf of Texas prisoners whose offenses are expressly and specifically excluded from the parameters of the Texas mandatory supervision statute.").

[29] *See Madison*, 104 F.3d at 768 (acknowledging that under Texas Code of Criminal Procedure article 42.18 § 8(c) certain inmates are not eligible for release to mandatory supervision and holding that, if on remand the district court finds that the petitioner is not eligible for mandatory supervision, the court may reinstate the dismissal of the petitioner's writ for habeas corpus relief because the petitioner would not be entitled to procedural due process); *Malchi*, 211 F.3d at 957–58.

[30] *Sandin*, 515 U.S. at 484.

[31] *See id.* at 486 (holding that no liberty interest was implicated by discipline ruling placing an inmate in segregated confinement); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (stating

liberty interest, any claim by him concerning his disciplinary conviction fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that Reynolds has been deprived of some right secured to him by the United States Constitution or laws of the United States, § 2254 relief is not available.[32] Thus, Reynolds fails to state a claim which entitles him to relief.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[33] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[34] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[35] Although Reynolds has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[36]

---

that thirty-day commissary and cell restrictions does not implicate due process concerns).

[32] See *Orellana*, 65 F.3d at 31; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).

[33] 28 U.S.C. § 2253(c)(1) (2012).

[34] See *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[35] See 28 U.S.C. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); see also *United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[36] See 28 U.S.C. foll. §2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[37] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[38] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[39] Here, Reynolds is not entitled to a certificate of appealability because reasonable jurists would not find the Court's substantive rulings debatable; has not made a substantial showing of the denial of a constitutional right.

## CONCLUSION AND ORDERS

After carefully reviewing the record, the Court concludes that Reynolds is not entitled relief under 28 U.S.C. § 2254. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Thomas Kirk Reynolds's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner Thomas Kirk Reynolds is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

---

[37] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

[38] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[39] *Id.*

**IT IS FINALLY ORDERED** that all pending motions are **DENIED AS MOOT**.

**SO ORDERED.**

**SIGNED** this 23rd day of October, 2017.

                                          **DAVID BRIONES**
                                          **SENIOR UNITED STATES DISTRICT JUDGE**